**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NUMBER 1:15-CR-00119-MAC** |
| **v.** | § | |
| | § | |
| | § | |
| **TERRANCE ARDOIN (4)** | § | |
| | § | |

**REPORT AND RECOMMENDATION ON**
**THE DEFENDANT'S COMPETENCY TO STAND TRIAL**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States magistrate judge.

On November 19, 2025, the Defendant filed a motion seeking a psychiatric or psychological exam to determine if the Defendant was suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his Defense. The court granted that motion on November 19, 2025. (Doc. No. 839.) The Defendant was subsequently evaluated by G. Todd, Licensed Psychologist at the Federal Correctional Institution in Los Angeles, California and found competent.

G. Todd's psychiatric report concludes that the Defendant "does not appear to suffer from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense." (Doc. No. 859.)

A competency hearing was conducted on August 18, 2026. At the hearing, the Defendant appeared in court with his counsel, Ryan Matuska. Neither the Government nor the defense objected to the psychological report's results and findings.

The undersigned concludes that the Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. The Defendant has a rational and factual understanding of the proceeding against him, and has sufficient present ability to consult with his attorney with a reasonable degree of rational understanding. 18 U.S.C. § 4241(d); *see also Dusky v. United States,* 362 U.S. 402 (1960)

**RECOMMENDATION**

The court should find the Defendant competent to stand trial because he understands the nature and consequences of the proceeding against him and is able to assist in his defense. *See* 18 U.S.C. § 4241. It is further recommended that the speedy trial time be excluded from November 19, 2025 (the date the Defendant filed an Unopposed Motion for Psychiatric Exam), until the date on which the District Judge signs the order adopting this report and recommendation.

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. At the hearing, both parties waived their right to file written objections to this Report and Recommendation. Accordingly, no objections are anticipated, and the District Court may act on this Report and Recommendation immediately.

SIGNED this 20th day of August, 2026.

Zack Hawthorn
United States Magistrate Judge